OTTO REBEN v. CITY OF SARASOTA

185 So. 607.
Opinion Filed December 31, 1938.

*Evans & Glenn,* for Appellant;
*Williams & Dart,* for Appellee.

TERRELL, C. J.—In September, 1938, the City of Sarasota in Sarasota County, Florida, adopted a resolution providing for the issuance of $139,000.00 Waterworks Refunding and Improvement Certificates to construct additions and improvements to its waterworks system and to refund $63,-000.00 in Waterworks Revenue Certificates dated December 1, 1935, and outstanding, the said Waterworks Refunding and Improvement Certificates to be payable solely from the revenue derived from services furnished by said waterworks system and to be issued without an approving vote

of the taxpayers as contemplated by Section 6 of Article IX of the Constitution.

The resolution was predicated on a finding of fact that the City of Sarasota was the owner and operator of its waterworks system which had for years paid a net income over operating expenses, that the refunding of the 1935 certificates and the additions and improvements proposed are essential and necessary, that the present waterworks system is inadequate for the present needs of the City, that the City is authorized to issue said certificates and that the ret income from said waterworks system is sufficient to pay said Waterworks Refunding and Improvement Certificates as they mature in addition to operating and other expenses.

In October, 1938, the Appellee, City of Sarasota, filed its petition in the Circuit Court to validate said waterworks Refunding and Improvement Certificates. Order to show cause and notice to taxpayers and citizens were duly issued and published. The Appellant, a taxpayer, intervened and filed his answer objecting to validation. On final hearing after full consideration, all objections to the validation were overruled and the Chancellor entered his decree validating and confirming the certificates. This appeal is from the validating decree.

The grounds urged for reversal of the decree below are identical to those urged before the Chancellor to refuse validation of the certificates, viz.: That they were in effect bonds and could be issued only by an approving vote of the taxpayers as contemplated by Section 6 of Article IX of the Constitution, that the City was without power to issue them in the first place because of the invalidity of Chapter 17751, Acs of 1937, and because the City was without power to include the refunding and improvement certificates in the same issue.

The record and the applicable law have been examined

and we do not find that any of these objections possess merit. Chapter 13403, Acts of 1927, being the Charter of the City and Chapter 17751, Acts of 1937, vest ample authority in the City of Sarasota to issue the certificates and we find no objection to including the refunding and improvement certificates in the same issue and in the same resolution.

This court has repeatedly held that such certificates are not bonds requiring an approving vote of the taxpayers as contemplated by Section 6, Article IX of the Constitution. They are payable solely from net revenues of the Waterworks system and the City is in no wise bound for them as a taxing entity. McGoon v. Town of Miami Springs and cases therein cited decided December 16, 1938.

The decree below is therefore affirmed on authority of the last cited case and cases therein cited.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.